IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHAD JOHNSON, | Civ. No. 1:18-cv-00761-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| PAUL STEWART, | |
| Defendant. | |

AIKEN, District Judge.

Plaintiff Chad Johnson seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court shall defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case is somewhat disjointed and difficult to follow. From what the Court is able to infer, these are the facts as alleged in the Complaint:

Plaintiff Chad Johnson was experiencing a mental health crisis and checked into Sky Lakes Medical Center, a hospital in Klamath Falls, Oregon. Johnson believed that he was going to die soon and asked to write a goodbye letter. Security officers were summoned due to Johnson's behavior. Johnson felt intimidated and fled from the hospital. It seems that Johnson was under the influence of drugs or alcohol at the time of these incidents because "the act of fleeing resulted in a DUII." It also appears that Johnson was taken back to the hospital, presumably by the police, for a blood draw and he alleges that he was handcuffed to the bed and physically assaulted, either by police or by hospital staff during this second visit. Johnson has been charged with DUII and is facing a substantial prison sentence. Johnson believes that the hospital staff are responsible for his legal troubles because he would not have committed the DUII if he had not felt intimidated and fled the hospital during his first visit.

There are several issues with Johnson's Complaint, as currently pleaded. The first and most serious is jurisdictional. Federal courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). Federal jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000.

In this case, Plaintiff is asserting federal question jurisdiction based on Defendant's alleged violation of 18 U.S.C. §§ 248 and 18 U.S.C. § 351(e). Plaintiff has not adequately pleaded a claim under either statute and he asserts no other basis for federal question jurisdiction.

18 U.S.C. § 351(e) is a criminal statute which prohibits assaults against a limited class of people, including members and members-elect of Congress, heads of executive departments and their chief deputies, the directors and deputy directors of National Intelligence and the Central Intelligence Agency, major presidential or vice-presidential candidates, and justices of the United States Supreme Court. 18 U.S.C. § 351(e), (a). Aside from the fact that 18 U.S.C. § 351(e) is a criminal statute and does not create a private right of action, Johnson has not alleged that he falls into any of the categories of persons covered by the statute, nor does the prospect of such an allegation strike the Court as plausible.

In relevant part, as cited by Johnson, 18 U.S.C. § 248 creates both criminal penalties and civil remedies against individuals who:

> [B]y force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

18 U.S.C. § 248(a)(1).

A civil right of action under § 248(a)(1) is limited and may be sought "only by a person involved in providing or seeking to provide, or obtaining or seeking to obtain, services in a facility that provides reproductive health services[.]" 18 U.S.C. § 248(c)(1)(A).

In this case, Johnson does not allege that he went to the hospital seeking to obtain (or provide) reproductive health services. Rather, Johnson alleges that he went initially because he

was experiencing a mental health crisis and then returned because he was in police custody during a DUII investigation. Johnson has therefore failed to state a claim under § 248.

The only named Defendant in this case is Paul Stewart, who Johnson identifies as the president and CEO of the Sky Lakes Medical Center. The Complaint is disjointed, but none of Johnson's claims appear to involve any actions taken by Stewart, nor does the Complaint clearly allege that Stewart is liable for the acts of the unnamed hospital employees under a *respondeat superior* theory of liability. "The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b)." *Wallulatum v. The Confederated Tribes*, Civil No. 08-747-AA, 2009 WL 1416067, at *1 (D. Or. May 19, 2009). Although, as previously noted, *pro se* complaints are to be interpreted liberally, courts may not supply essential elements that are not pleaded. *Ivery v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).[1]

In the light of the deficiencies described above, the Court concludes that Johnson has failed to state a claim. The Court is mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and Johnson will therefore be given leave to file an amended complaint. In drafting the amended complaint, Johnson must bear in mind that the Court does not know anything about the facts of his case, other than what he chooses to include in the amended complaint. In addition to the jurisdictional issues, Johnson should carefully explain what has happened, who has done what, how he believes he was injured by the actions of the defendants, and why he believes that the defendants should be held liable for the injury.

---

[1] The Complaint alleges that Stewart is, like Johnson, a citizen of Oregon. Although the issue has not been directly implicated as of yet, the Court wishes to note that the lack of diversity between the parties will limit Johnson's ability to pursue his claims in federal court in the event the Johnson is unable to find an alternative basis for federal question jurisdiction.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 2, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this ___15___ day of May, 2018.

_____
ANN AIKEN
United States District Judge